**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TALON RESEARCH, LLC,

   Plaintiff,

  v.

SANDISK CORPORATION,

   Defendant.
_____/

No. C 11-06172 CW

ORDER DENYING
DEFENDANT'S MOTION
TO DISMISS

INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant SanDisk Corporation moves to dismiss Plaintiff Talon Research, LLC's indirect infringement claims.[1] Having considered the parties' submissions, the Court DENIES the motion to dismiss.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[1] The two theories of liability for indirect infringement claims are: (1) induced infringement under 35 U.S.C. § 271(b) and (2) contributory infringement under 35 U.S.C. § 271(c). Halton Co. v. Streivor, Inc., 2010 WL 2077203 (N.D. Cal.).

## DISCUSSION

Induced infringement claims require a showing of (1) direct infringement; and (2) the alleged infringer's knowledge of and intent to induce infringement. ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd., 501 F.3d 1307, 1312 (Fed. Cir. 2007). Contributory infringement claims require a showing of (1) direct infringement; 2) the alleged infringer's knowledge of the patent; and 3) a component with no substantial noninfringing uses that is a material part of the invention. Proofpoint, Inc. v. InNova Patent Licensing, LLC, 2011 WL 4915847, at *5 n.4 (N.D. Cal.).

Talon sufficiently alleges induced infringement claims by pleading (1) direct infringement by SanDisk's customers; and (2) SanDisk's knowledge of and intent to induce infringement, as inferred from the infringement notice Talon sent to SanDisk. Talon sufficiently alleges contributory infringement claims by pleading (1) direct infringement by SanDisk's customers; (2) SanDisk's knowledge of Talon's patents, inferred from the infringement notice; and (3) that SanDisk's microSD Memory Cards and eMMC compliant controllers are the subject products of Talon's claims.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: 4/9/2012

CLAUDIA WILKEN
United States District Judge

2